IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                          CRIMINAL ACTION NO. 4:19-CR-28-SA-JMV

ARTEZ GRAY                                                                          DEFENDANT

ORDER

Artez Gray was indicted on one count of knowingly and intentionally possessing with the intent to distribute cocaine under Title 21, U.S.C. § 841(a)(1) and (b)(1)(c) on February 28, 2019. Gray was arrested and detained, and entered a plea of not guilty on May 2, 2019. Now before the Court is Gray's Motion to Dismiss [27] this case. The Government filed a Response [28] in opposition to Gray's request for dismissal.

In his Motion [27], Gray argues that his case should be dismissed for two reasons. First, Gray argues that because his case was solely investigated by state authorities, it is "facially improper" for his case to be prosecuted in federal court. Second, Gray argues that the amount of powder cocaine he is alleged to have possessed in this case weighs only 25.6 grams, and that this is well below the "minimum threshold of 50 grams of powder cocaine for prosecution in United States District Court." As part of this argument, Gray also argues that he should only be subject to the "jurisdictional minimum" drug weight because his indictment does not specify a weight to be attributed to him.

At the outset, the Court notes that Gray does not cite any legal authority, statues, or precedent cases to support his arguments. In response, the Government argues that it may prosecute a case investigated solely by state authorities and cites to *United States v. McKeever* for the proposition that the federal government has jurisdiction of drug trafficking cases, regardless of who initiated the investigation, and that the admissibility of evidence in federal court is not limited to evidence obtained through or requested by federal law enforcement officers or prosecuting

attorneys. *See United States v. McKeever*, 905 F.2d 829, 832 (5th Cir. 1990) (citing *United States v. Radlick*, 581 F.2d 225 (9th Cir. 1978)); *see also United States v. Eastland*, 989 F.2d 760, 767 (5th Cir. 1993). The Court agrees.

In response to Gray's arguments regarding the weight of drugs, and the lack of a specific weight in his indictment, the Government cites to *United States v. Doggett*, and Title 21, U.S.C. § 841(a)(1) and (b)(1)(c) to support its proposition that there is no powder cocaine minimum quantity threshold required for federal jurisdiction. *See United States v. Doggett*, 230 F.3d 160, 164 (5th Cir. 2000); 21 U.S.C. § 841(a) (stating "Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally-- (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance"). In addition, 21 U.S.C. § 841(b)(1)(C), the subsection that Gray is charged under in this case, prescribes a sentence of not more than 20 years, regardless of the amount of powder cocaine sold. *See also Doggett*, 230 F.3d at 164. Again, the Court agrees with the Government's assertions here.

Finding Defendant Gray's arguments wholly unsupported and without merit for all of the reasons fully described above, the Defendant's Motion to Dismiss [27] is DENIED.

It is SO ORDERED, on this the 1st day of October, 2019.

                                                /s/ Sharion Aycock
                                                UNITED STATES DISTRICT JUDGE